UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARBORVIEW FELLOWSHIP, a Washington non-profit corporation,<br><br>                  Plaintiff,<br>  v.<br><br>JAY INSLEE, Governor, in his official capacity, SECRETARY OF HEALTH JOHN WIESMAN, in his official capacity, ROBERT FERGUSON, in his official capacity as Attorney General of Washington, PAUL PASTOR, in his official capacity as Pierce County Sheriff, and ANTHONY L-T CHEN, in his official capacity as Director of Health Tacoma-Pierce County Health Department,<br><br>                  Defendants. | CASE NO. 3:20-cv-05518-RJB<br><br>ORDER ON MOTION TO DISMISS |

This matter comes before the Court on Defendant Dr. Anthony L-T Chen's Motion to Dismiss. Dkt. 67. The Court has considered the pleadings filed regarding the motion and the remaining file.

ORDER ON MOTION TO DISMISS - 1

In this case, the Plaintiff, a nondenominational church in Pierce County, Washington, challenges portions of the Washington State "Safe Start Reopening Plan" entitled "Requirements for Religious Worship" which were instituted in response to the COVID-19 pandemic. Dkt. 1.

Dr. Chen now moves for dismissal of the claims asserted against him. For the reasons provided below, Dr. Chen's motion (Dkt. 67) should be granted and he should be dismissed from this case.

## I.  FACTS

On June 1, 2020 the Plaintiff filed this case against Washington State Governor Jay Inslee and the Washington Secretary of Health John Wiesman asserting that the "Requirements for Religious Worship" violated its First and Fourteenth Amendment rights under the U.S. constitution via 42 U.S.C. § 1983, and the Washington State Constitution. Dkt. 1. The First Amended Complaint added Washington's Attorney General Robert Ferguson as a Defendant. Dkt. 27. On June 8, 2020, the Plaintiff's motion for a temporary restraining order was denied. Dkt. 42.

The Plaintiff was granted leave to file a second amended complaint. In its Second Amended Complaint, the Plaintiff names Pierce County Sheriff Paul Pastor and Dr. Chen, head of the Tacoma-Pierce County Health Department, as Defendants. Dkt. 53. As to Dr. Chen, the Second Amended Complaint alleges only that:

> Dr. Chen, under RCW 70.05.070, has the authority to enforce the public health statutes of the state and rules of Secretary Wiesman as well as take any act necessary to maintain health and sanitation supervision over Pierce County. He exercised this authority on August 12, 2020 to prohibit in-person schooling and mandate that all schools—public and private—begin the school year using distance learning.

Dkt. 53, at 8. The Second Amended Complaint asserts claims for violations of the first amendment to the U.S. constitution's protections of freedom of religion and speech. Dkt. 53.

ORDER ON MOTION TO DISMISS - 2

The Second Amended Complaint seeks declaratory and injunctive relief as well as "judgment for all damages authorized under federal law, including under 42 U.S.C. § 1983," and attorneys' fees and costs. *Id.*

Dr. Chen now moves for dismissal of the claims asserted against him arguing that the Second Amended Complaint fails to state a claim against him because (1) it fails to allege that he personally participated in any alleged deprivation of a constitutional right, (2) it fails to allege sufficient facts that he acted with discriminatory intent, and (3) the Plaintiff lacks standing to assert claims against him because it only raises issues around the mere possibility of a penalty. Dkt. 67. The Plaintiff opposes the motion. Dkt. 69. Dr. Chen filed a reply (Dkt. 71) and the motion is ripe for review. (Dr. Chen also moved for qualified immunity. After the Plaintiff clarified that it is only making claims against Dr. Chen in his official capacity, Dr. Chen acknowledged that a ruling on qualified immunity is not appropriate at this time.)

## II.   DISCUSSION

### A. MOTION TO DISMISS STANDARD

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right

to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

### B.  SECTION 1983 GENERALLY AND PERSONAL PARTICIPATION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). To state a civil rights claim, a plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of official participation in a civil rights violations are not sufficient to support a claim under § 1983. *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

The Plaintiff's claims against Dr. Chen should be dismissed. The Plaintiff has failed to allege any facts which support its claims Dr. Chen personally participated in alleged violations of Plaintiff's U.S. Constitutional rights. There is no allegation that Dr. Chen drafted the "Requirements for Religious Worship" or in any other manner personally participated in a deprivation of the Plaintiff's rights. The Second Amended Complaint merely states that Dr. Chen has the authority to enforce public health laws and that, at one point in August 2020, he restricted schools in Pierce County to distance learning education. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d

ORDER ON MOTION TO DISMISS - 4

1040, 1045 (9th Cir. 1989).  No such showing is made on the facts alleged in the Second Amended Complaint.  The motion to dismiss should be granted and the claims asserted against Dr. Chen should be dismissed.

The Court need not reach Dr. Chen's remaining arguments regarding the Plaintiff's failure to properly plead its claims against him.

### C.  STANDING

"[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.  One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013)(*internal quotation marks and citations omitted*).  "A plaintiff seeking to establish standing must show that: (1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *W. Watersheds Project v. Grimm*, 921 F.3d 1141, 1146 (9th Cir. 2019).

Dr. Chen's motion to dismiss should also be granted because the Plaintiff has failed to demonstrate that it has standing to sue him.  It fails to carry its burden as to the second prong: causation.  The Plaintiff does not show that an alleged injury "was fairly traceable" to any action or inaction by Dr. Chen.  The Plaintiff points to actions of others – the governor, for example, but does not point to any action or inaction by Dr. Chen which caused it injury.  The Plaintiff does not demonstrate that it has standing to sue Dr. Chen.  His motion to dismiss the claims against him for lack of standing should be granted.

### III.  ORDER

It is **ORDERED** that:

- Defendant Dr. Anthony L-T Chen's Motion to Dismiss (Dkt. 67) **IS GRANTED**; and

- The claims asserted against Dr. Chen **ARE DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of December, 2020.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION TO DISMISS - 6