UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARBORVIEW FELLOWSHIP, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAY INSLEE, Governor, in his official capacity, SECRETARY OF HEALTH JOHN WIESMAN, in his official capacity, ROBERT FERGUSON, in his official capacity as Attorney General of Washington, PAUL PASTOR, in his official capacity as Pierce County Sheriff, and ANTHONY L-T CHEN, in his official capacity as Director of Health Tacoma-Pierce County Health Department,<br><br>Defendants. | CASE NO. 3:20-cv-05518-RJB<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendant Paul Pastor's Motion to Dismiss. Dkt. 65. The Court has considered the pleadings filed regarding the motion and the remaining file.

ORDER GRANTING MOTION TO DISMISS - 1

In this case, the Plaintiff, a nondenominational church in Pierce County, Washington, challenges portions of the Washington State "Safe Start Reopening Plan" entitled "Requirements for Religious Worship" which were instituted in response to the COVID-19 pandemic. Dkt. 1.

Paul Pastor, the Pierce County, Washington Sheriff, moves for dismissal of the claims asserted against him. For the reasons provided below, Sheriff Pastor's motion (Dkt. 65) should be granted and he should be dismissed from this case.

## I.   FACTS

On June 1, 2020 the Plaintiff filed this case against Washington State Governor Jay Inslee and the Washington Secretary of Health John Wiesman asserting that the "Requirements for Religious Worship" violated its First and Fourteenth Amendment rights under the U.S. constitution via 42 U.S.C. § 1983, and the Washington State Constitution. Dkt. 1. The First Amended Complaint added Washington's Attorney General Robert Ferguson as a Defendant. Dkt. 27. On June 8, 2020, the Plaintiff's motion for a temporary restraining order was denied. Dkt. 42.

The Plaintiff was granted leave to file a second amended complaint. In its Second Amended Complaint, the Plaintiff names Sheriff Pastor and Dr. Anthony L-T Chen, head of the Tacoma-Pierce County Health Department, as Defendants. Dkt. 53. Dr. Chen's motion to dismiss was granted on December 9, 2020. Dkt. 72. As to Sheriff Pastor, other than adding him in his official capacity, the Second Amended Complaint makes no further mention of him or the Pierce County Sheriff's Department. Dkt. 53. The Second Amended Complaint goes on to generally assert claims for violations of the first amendment to the U.S. constitution's protections of freedom of religion and speech. Dkt. 53. It seeks declaratory and injunctive relief as well as

"judgment for all damages authorized under federal law, including under 42 U.S.C. § 1983," and attorneys' fees and costs. *Id.*

Sheriff Pastor now moves for dismissal of the claims asserted against him arguing that the Second Amended Complaint fails to state a claim against him because (1) it fails to allege that he personally participated in any alleged deprivation of a constitutional right and (2) the Plaintiff lacks standing to assert claims against him because it only raises issues around the mere possibility of a penalty. Dkt. 65. Sheriff Pastor additionally argues that no alleged fact shows that a claim against him is ripe and that the Plaintiff has no right to declaratory or injunctive relief against him. *Id.* No decision is necessary on ripeness or the propriety of declaratory or injunctive relief because the Court finds that the Plaintiff has failed to allege that he personally participated in any deprivation of a constitutional right and that it has no standing to bring a claim against him.

Sheriff Pastor also notes that he has now retired. Dkt. 65. An interim sheriff will take his place until an election can be held.

The Plaintiff opposes the motion. Dkt. 73. It properly points out that under Fed. R. Civ. P. 25 (d), its claims against Sheriff Pastor continue because they were made in his official capacity. (Rule 25 (d) provides that an official's successor is "automatically substituted as a party," where that official is named in their official capacity).

Sheriff Pastor filed a reply. Dkt. 74. The motion is ripe for review.

## II.     DISCUSSION

**A.  MOTION TO DISMISS STANDARD**

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

ORDER GRANTING MOTION TO DISMISS - 3

*Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

B. **SECTION 1983 GENERALLY AND PERSONAL PARTICIPATION**

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). To state a civil rights claim, a plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of official participation in a civil rights violations are not sufficient to support a claim under § 1983. *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

The Plaintiff's claims against Sheriff Pastor should be dismissed. The Plaintiff has failed to allege any facts which support its claims that Sheriff Pastor personally participated in alleged violations of Plaintiff's U.S. Constitutional rights. There is no allegation that Sheriff Pastor drafted the "Requirements for Religious Worship," took any enforcement action, or in any other manner personally participated in a deprivation of the Plaintiff's rights. The Second Amended Complaint merely infers that Sheriff Pastor has the authority to enforce public health laws. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). No such showing is made on the facts alleged in the Second Amended Complaint. The motion to dismiss should be granted and the claims asserted against Sheriff Pastor should be dismissed.

**C. STANDING**

"[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies. One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013)(*internal quotation marks and citations omitted*). "A plaintiff seeking to establish standing must show that: (1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *W. Watersheds Project v. Grimm*, 921 F.3d 1141, 1146 (9th Cir. 2019).

Sheriff Pastor's motion to dismiss should also be granted because the Plaintiff has failed to demonstrate that it has standing to sue him. It fails to carry its burden as to the second prong: causation. The Plaintiff does not show that an alleged injury "was fairly traceable" to any action

or inaction by Sheriff Pastor, his successor, or even of the Pierce County Sheriff's Department. The Plaintiff points to actions of others – the governor, for example, but does not point to any action or inaction by Sheriff Pastor (or his successor or Department) which caused or will cause it injury.  The Plaintiff does not demonstrate that it has standing to sue Sheriff Pastor or his successor.  His motion to dismiss the claims against him for lack of standing should be granted.

### III.   ORDER

It is **ORDERED** that:

- Defendant Sheriff Paul Pastor's Motion to Dismiss (Dkt. 65) **IS GRANTED**; and
- The claims asserted against Sheriff Pastor **ARE DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of December, 2020.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge